

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

July 14, 2004

Joseph J. Balliro, Esq.
Balliro & Mondano
99 Summer Street
Boston, MA 02110

FILED
In Open Court
USDC, Mass
Date 7-26-04
By
Deputy Clerk

Re: John Leeman

Dear Attorney Balliro:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, John Leeman ("Defendant"), in the above-captioned case. The Agreement is as follows:

1. Change of Plea

At the earliest practicable date, Defendant shall plead guilty to a three-count Superseding Information charging him with Federal Income Tax Evasion for calendar years 1997, 1998, and 1999. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in counts one through three of the Superseding Information in which he is named, and is in fact guilty of those offenses.

2. Penalties

Defendant faces the following maximum penalties on each count:
    a. five years imprisonment;
    b. $250,000 fine;
    c. three years supervised release;
    d. mandatory special assessment of $100.

3. Sentencing Guidelines

Defendant is familiar with the Supreme Court's decision in Blakely v. Washington, 542 U.S. ___ (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000). Notwithstanding those decisions, Defendant agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines, and agrees to have his sentence determined pursuant to the Sentencing Guidelines; waives any claim he might have that the facts that determine his guideline sentencing range (including facts that support any specific offense characteristic, specified offender enhancement, other upward adjustment, and Defendant's criminal history category) should be alleged in an indictment and found by a jury beyond a reasonable doubt; and agrees that facts that determine his guideline sentencing range will be found by the court at sentencing by a preponderance of the evidence. Defendant further agrees that the sentencing court may consider any reliable evidence, including hearsay.

The parties stipulate and agree that:

(a) Defendant's base offense level is 17 pursuant to U.S.S.G. §§2T1.1, 2T4.1, and 1B1.3(a)(1) because the amount of additional taxes due and owing by Defendant is $352,624.

(b) A two-level upward adjustment is warranted pursuant to U.S.S.G. §2T1.1 because Defendant failed to report income exceeding $10,000 in any year from criminal activity.

(c) A two-level upward adjustment is warranted pursuant to U.S.S.G. §3B1.3 because Defendant abused a position of private trust and used a special skill in a manner that significantly facilitated the commission or concealment of the offenses with which he is charged.

(d) An order of restitution should issue in the following terms:

(i) Restitution in the amount of $352,624 to the Internal Revenue Service;

(ii) Restitution to Charles Construction Company, Inc. and M.C. Andrews Company, Inc. in the amount of $1,275,000.

Based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and

information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. §3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility

adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a) A term of imprisonment of 27 months or at the low end of the applicable guidelines range as determined by the Court;

(b) A fine of $6,000 or at the low end of the applicable guideline range unless the defendant establishes his inability to pay such a fine or has fully paid the restitution amount;

(c) Restitution in the approximate amount of $352,624 that is to be applied toward any assessments made by the Internal Revenue Service for the calendar years 1995 through 1999. Restitution in the amount of $1,275,000 to Charles Construction Company, Inc. and M.C. Andrews Company, Inc.;

(d) Mandatory special assessment in the amount of $300;

(e) Supervised release for a period of two years.

During the period of supervised release, Defendant must, within six months of sentencing or release from custody, whichever is later:

(a) Cooperate with the Examination and Collection Divisions of the Internal Revenue Service;

(b) Provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

(c) Provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

(d) File accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

   (e) Make a good faith effort to pay all delinquent and/or additional taxes, interest and penalties.

  The U.S. Attorney and Defendant agree that there is no basis for a downward departure from the sentencing range established by the United States Sentencing Guidelines, except as explicitly reserved below. Accordingly, neither the U.S. Attorney nor Defendant will seek a downward departure on any ground from the Sentencing Guidelines, except under the conditions explicitly set forth below.

   (a) Defendant reserves the right to seek a downward departure based on diminished mental capacity pursuant to U.S.S.G. §5K2.13.

   (b) Defendant reserves the right to seek a downward departure based on his voluntary disclosure of the offense pursuant to U.S.S.G. §5K2.16.

The U.S. Attorney reserves the right to oppose the downward departures specified above.

  In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

  5. <u>Payment of Mandatory Special Assessment</u>

  Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

  6. <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

  Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

  Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

   (1) Assets subject to superior, secured interests of

>        innocent third parties, in which Defendant has an
>        equity interest of less than $5,000;
>
> (2)    Ordinary living expenses necessary to house,
>        clothe, transport and feed Defendant and those to
>        whom he owes a legal duty of support, so long as
>        such assets do not exceed $6,000 per month; and
> (3)    Attorney's fees incurred in connection with this
>        criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Superseding Information are satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

> (1)    Defendant's guilty plea and any other aspect of
>        Defendant's conviction, including, but not limited
>        to, any rulings on pretrial suppression motions or
>        any other pretrial dispositions of motions and
>        issues;
>
> (2)    The adoption by the District Court at sentencing
>        of any of the positions found in paragraph 3 which
>        will be advocated by the U.S. Attorney with regard
>        to offense conduct, adjustments and/or criminal
>        history under the U.S. Sentencing Guidelines; and
>
> (3)    The imposition by the District Court of a sentence

which does not exceed that being recommended by the U.S. Attorney, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the U.S. Attorney or Defendant with regard to the application of the U.S. Sentencing Guidelines.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

Defendant's waiver also shall not extend to an appeal or collateral challenge based solely on the argument that the District Court misunderstood the scope of its authority to depart from the applicable Sentencing Guidelines range, where the District Court states on the record at sentencing both its desire to depart and the basis on which it would depart if it had the legal authority to do so.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

8.   Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9.   Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his financial condition.

10. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement. Defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities. Defendant specifically authorizes release by the FBI, IRS or other investigative agency to the aforementioned agencies and their representatives of information for purposes of making that assessment. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose.

11. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

12. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the

proffer agreement dated June 20, 2001 without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated June 20, 2001. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated June 20, 2001. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Emily R. Schulman.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/
JAMES B. FARMER
Assistant U.S. Attorney
Chief,
Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief,
Criminal Division

EMILY R. SCHULMAN
Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

JOHN LEEMAN
Defendant

Date: 7/20/04

I certify that John Leeman has read this Agreement in his and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

JOSEPH J. BALLIRO, ESQ.
Attorney for Defendant

Date: 7/20/04

11