# REGAN & SPENCER, LLP
Attorneys at Law
21 George Street
Lowell, MA 01852

Joseph D. Regan*
Kelly R. Spencer
───
Lisa J. Gurecki ¹

*also admitted in Indiana
¹ also admitted in New Hampshire

978-459-2900
Toll Free  866-459-2900
Facsimile 978-459-8979

December 10, 2004

The Honorable William G. Young
United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

      RE:    United States of America V. John Leeman
                  Criminal No. 04-CR-10080-WGY-ALL

Dear Judge Young:

      I represent Charles Matses and Andrew Matses and their respective companies in a civil action pending in Essex Superior Court in Lawrence, Massachusetts (docket no. 01-0871-D) which is the precursor to the above-captioned action. My clients (who allege that Mr. Leeman embezzled upwards of $1.6 million from their respective companies, Charles Construction Co., Inc. and M.C. Andrews Co., Inc., in the period 1990 to 2001) are the victims of Mr. Leeman's criminal actions and the beneficiaries of the Court's restitution order in the criminal case.

      Mr. Leeman was criminally prosecuted by the United States Attorney's Office for Federal income tax evasion for not reporting these embezzled monies as income for the tax years 1997, 1998 and 1999. Mr. Leeman pled guilty to same and is currently serving a 15 month sentence which was imposed on September 20, 2004.

      By way of additional background in the civil case, on June 3, 2004 my clients and Mr. Leeman reached a verbal settlement agreement whereby Mr. Leeman agreed to pay my clients the amount of $1,275,000.00 to settle the civil lawsuit. The final settlement agreement was executed on August 23, 2004 and payment of the full settlement amount was due to my clients' on or before October 12, 2004. My clients received partial payment of $610,261.14 on September 15, 2004, leaving a balance of $664,738.86 due and owing to my clients. My clients granted reasonable extensions to this payment deadline to Mr. Leeman as a courtesy, with the last extension expiring on December 1,

# REGAN & SPENCER, LLP

Page Two
The Honorable William G. Young
December 10, 2004

2004, which carried 5% per annum interest on the unpaid balance as of November 1, 2004.

 I am writing to you because I understand from reading the July 14, 2004 plea agreement signed by Mr. Leeman in the Federal case that he agreed to pay restitution to my clients in the amount of $1,275,000.00 and that his "prompt acceptance of personal responsibility" in his criminal case led the U.S. Attorney to recommend that the Court reduce his offense level by three (3).

 However, as of this writing, Mr. Leeman has not made prompt and full restitution to my clients despite his present ability to do so. Mr. Leeman claims that he is unable to sell two (2) condominium units, the proceeds of which he was going to use to fund the balance of the settlement amount. However, Mr. Leeman appears to be acting in bad faith by insisting on an unreasonably high asking price for these condominiums far above their fair market value based on their condition and the softening of the real estate market in North Andover, Massachusetts. Mr. Leeman currently is asking $334,900 and $329,900.00, respectively, for these units which in 2002 were appraised for $225,000.00 each.

 Plaintiffs' counsel has learned that the two condominium units are in need of repair, have water and mold problems in the basement and need extensive regrading of the yard to cure the water problem in the basement. The condominium building is currently without tenants and I am informed that there have been no offers and few, if any, prospective buyers.

 Further, Mr. Leeman has other liquid assets available to him to pay some or all of the balance apart from the sale proceeds of the condominiums. Mr. Leeman's father, John R. Leeman, Sr., has recently received power of attorney to finalize the sale of the condominium units and to complete his son's settlement obligations while his son is incarcerated. However, Mr. Leeman, Sr.'s involvement in this case has not advanced the resolution of this matter at this writing.

 Mr. Leeman's actions are not those of a man anxious to fulfill his financial obligations to the Defendants and honor his sentencing obligations to this Court, but appear to be those of a person jockeying to get top dollar for these properties at the expense of my clients. Clearly he is making payment of the Court's restitution order conditional on his selling the condominiums at a price acceptable to him regardless of the time it takes to do so. This was not the intent of our settlement agreement nor the plea agreement. Mr. Leeman is once again ignoring the rules to serve his own selfish interests. Unfortunately by doing so he is deliberately flouting the obligations he agreed

# REGAN & SPENCER, LLP

Page Three
The Honorable William G. Young
December 10, 2004

to in the plea agreement in his criminal action and in the settlement agreement in the underlying civil action.

As a result of the above, my clients' patience with Mr. Leeman has finally been exhausted. My clients now are respectfully asking the United States District Court to assist them by issuing an order that the full balance of the settlement amount ($664,738.86) plus 5% per annum interest on this amount beginning on November 1, 2004 be paid forthwith to my clients and that appropriate sanctions (including increasing the commitment time for Mr. Leeman) be imposed for Mr. Leeman's intentional failure to comply with the terms of the plea and settlement agreements. Since Mr. Leeman is willfully refusing to honor his part of the bargain made with both the Plaintiffs and the government, he should be made to do so now.

I would be pleased to appear before you to answer any question you may have regarding this matter.

On behalf of my clients, I thank you for your time in reviewing this matter and for any assistance that you may be able to provide them.

Very Truly,

Joseph D. Regan

CC:  Charles Matses
     Andrew Matses
     Joseph Balliro, Sr., Esq.
     Gregory Cogan, Esq.
     Emily Schulman, Esq.